UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **DELINDA M. MARTINS**<br>    Plaintiff | \|<br>\|<br>\| |
| Vs. | \|   Civil Action No. 15-cv-235<br>\| |
| **FEDERAL HOUSING FINANCE**<br>**AGENCY, FEDERAL NATIONAL**<br>**MORTGAGE ASSOCIATION, AND**<br>**GREEN TREE SERVICING, LLC**<br>    Defendants | \|<br>\|<br>\|<br>\|<br>\| |

## PLAINTIFF'S STATEMENT OF DISPUTED FACTS

Pursuant to Local Rule 56(a), the Plaintiff Delinda M. Martins submits the following Statement of Disputed Facts in support of her Objection to the Motion for Summary Judgment filed by Defendant Federal National Mortgage Association ("Fannie Mae"). Per LR 56, these paragraphs are numbered to correspond to the paragraphs of Fannie Mae's Statement of Undisputed Facts:

4. The Mortgage permitted Lender to accelerate the loan upon the mortgagor's default only after sending the mortgagor a notice that contained the information required by Paragraph 22 of the Mortgage. (*See* Exhibit B to Fannie Mae's Statement of Undisputed Facts at p. 11-12.)

8. The notice that Green Tree Servicing LLC sent to the Plaintiff on or about February 12, 2014, did not "inform Plaintiff of her right to cure and total amount owed", among other things. (*See* Exhibit D to Fannie Mae's Statement of Undisputed Facts.)

## PLAINTIFF'S STATEMENT OF ADDITIONAL UNDISPUTED FACTS

Pursuant to Local Rule 56(a), the Plaintiff Delinda M. Martins submits the following Statement of Additional Undisputed Facts in support of her Motion for Summary Judgment and

her Objection to the Motion for Summary Judgment filed by Defendant Federal National Mortgage Association ("Fannie Mae")

    1.    Before it may commence an action for foreclosure, Paragraph 22 of the Mortgage requires Fannie Mae to send a notice to the Plaintiff that "specif[ied]: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale." (*See* Exhibit B to Fannie Mae's Statement of Undisputed Facts at p. 11-12.)

    2.    Neither Fannie Mae, Green Tree Servicing, LLC, or Federal Housing Finance Agency sent the Plaintiff a notice that specified the default, the action required of Plaintiff to cure the default, a date (not less than thirty days from the date of the notice) by which Plaintiff must cure the default, that failure to cure the default may result in acceleration and foreclosure, that Plaintiff has the right to reinstate after acceleration, and that Plaintiff has the right to bring a court action to assert the non-existence of default or any other defense to the foreclosure. (*See* Affidavit of Delinda M. Martins at ¶ 2.)

        Respectfully submitted,

        Delinda M. Martins
        By Her Attorney,

        /s/ Jeffrey C. Ankrom
        Jeffrey C. Ankrom, Esq. (#7663)
        Rhode Island Legal Services
        56 Pine Street, Suite 400
        Providence, RI, 02903
        (401) 274-2652, ext. 138
        (401) 453-0310 fax
        jankrom@rils.org

        Dated: May 16, 2016

## **CERTIFICATION OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent to all counsel of record on the 16th day of May, 2016.

        /s/ Jeffrey C. Ankrom
        Jeffrey C. Ankrom, Esq.