UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DELINDA M. MARTINS<br>    Plaintiff | &#124;<br>&#124;<br>&#124; |
| Vs. | &#124;   Civil Action No. 15-cv-235<br>&#124; |
| FEDERAL HOUSING FINANCE<br>AGENCY, FEDERAL NATIONAL<br>MORTGAGE ASSOCIATION, AND<br>GREEN TREE SERVICING, LLC<br>    Defendants | &#124;<br>&#124;<br>&#124;<br>&#124;<br>&#124; |

### MEMORANDUM OF LAW IN OPPOSITION TO
### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND
### IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the Plaintiff Delinda M. Martins respectfully objects to the motion for summary judgment filed by the Defendant Federal National Mortgage Association ("Fannie Mae") on its counterclaim for judicial foreclosure. The Plaintiff requests the court deny the motion because Fannie Mae failed to satisfy its initial burden that it is entitled to judgment as a matter of law. Further, the Plaintiff respectfully cross-moves for summary judgment on the Defendants' counterclaim for judicial foreclosure, as it is undisputed that Fannie Mae failed to fulfill a condition precedent set forth in paragraph 2 of the mortgage prior to commencing a foreclosure action. Specifically, Fannie Mae never sent the Plaintiff a notice of default and intent to accelerate that contains the information required by said paragraph 22, which is a necessary condition precedent to Fannie Mae's exercising its right to foreclose.

### STANDARD OF LAW

The First Circuit set forth the standard a moving party must meet to obtain summary judgment in the case of *Rivera-Colón v. Mills*, 635 F.3d 9 (1st Cir. P.R. 2011). "To justify

summary judgment, the moving party must show entitlement to judgment as a matter of law. Fed. R. Civ. P. 56(a)(c)(2) ('The judgment sought should be rendered if . . . there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.'). If the moving party initially meets this burden, the opposing party can then defeat the motion by showing that there is a genuine issue of material fact. *Id*. In evaluating whether there is a genuine issue of material fact, the court examines the record - pleadings, affidavits, depositions, admissions, and answers to interrogatories - viewing the evidence in the light most favorable to the party opposing summary judgment. *See Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Unsupported allegations and speculation do not demonstrate either entitlement to summary judgment or the existence of a genuine issue of material fact sufficient to defeat summary judgment. *See Feliciano de la Cruz v. El Conquistador Resort & Country Club*, 218 F.3d 1, 5 (1st Cir. 2000); see also Fed. R. Civ. P. 56(e)(1) ('A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated.')." *Rivera-Colón v. Mills*, 635 F.3d 9 (1st Cir. P.R. 2011).

## ARGUMENT

Fannie Mae is not entitled to foreclose because they have not complied with paragraph 22 of the Mortgage. In order to properly exercise the power of sale, Fannie Mae must follow the terms of the Mortgage contract. See *USA Residential Properties, LLC v. Dilibero*, C.A. No. KD 2013-0174, slip op. at 5 n.2 (Kent County Sup. Ct. April 3, 2013). In paragraph 22 of the Mortgage, Fannie Mae agreed to send the Plaintiff a notice "prior to acceleration" which

provides the Plaintiff with certain required information. The mortgage does not permit Fannie Mae to pursue foreclosure until it has complied with the notice requirements of paragraph 22.

Paragraph 22 of the Mortgage[1] reads as follows:

> **22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument .... The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**
>
> **If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.**

The failure of a mortgagee to comply with paragraph 22 appears to be an issue of first impression in the State of Rhode Island.[2] However, Rhode Island courts have required strict

---

[1] The Mortgage at issue here is the standard form of mortgage drafted and commonly used by Fannie Mae and the Federal Home Loan Mortgage Corporation ("Freddie Mac"). As such, the paragraph 22 of the Mortgage at issue in this case is the same paragraph 22 referred to in many other cases. *See Pinti v. Emigrant Mortgage Company, Inc.*, 472 Mass. 226, 236 (Mass. 2015) (noting that use of Fannie Mae/Freddie Mac standard mortgage form is "widespread"), citing Forrester, Fannie Mae/Freddie Mac Uniform Mortgage Instruments: The Forgotten Benefit to Homeowners, 72 Mo. L. Rev. 1077, 1085-1086 (2007).

[2] In *USA Residential Properties, LLC v. Dilibero*, C.A. No. KD 2013-0174, at *6-8 (April 3, 2013), Justice Rubine appears to have briefly considered whether the pre-foreclosure notices complied with the requirements of the mortgage. However, because the court found that the notices did comply with the mortgage, there was little occasion for the court to engage in a detailed analysis. The Supreme Court reversed on other grounds Justice Rubine's

3

compliance with the terms of the mortgage when exercising the power of sale. "The power to sell under a mortgage or deed of trust is a matter of contract between the mortgagor and mortgagee under the conditions expressed in the instrument, and does not exist independently of it." *Bucci v. Lehman Bros. Bank*, 68 A.3d 1069, 1084-1085 (R.I. 2013) quoting 55 Am. Jur. 2d Mortgages § 472 at 202 (2009). A notice of foreclosure sale "must comply with both the statutory requirements, as well as requirements set forth in the mortgage instrument…. [A] foreclosing mortgagee's failure to comply with certain notice requirements contained in the Mortgage and in the pertinent state statute will invalidate a foreclosure sale." *USA Residential Properties, LLC v. Dilibero*, C.A. No. KD 2013-0174, at *6 n.2 (April 3, 2013; *Rubine, J.*), *citing* 55 Am. Jur. 2d Mortgages § 508, 511 & n.3 (2009).

The Rhode Island Supreme Court has interpreted mortgage related terms in a similar fashion as the Supreme Judicial Court of Massachusetts, and looks to Massachusetts law when necessary to resolve mortgage foreclosure issues. *See, e.g., Cruz v. Mortg. Elec. Registration Sys.*, 108 A.3d 992 (R.I. 2015) (relying on cases from United States Court of Appeals for the First Circuit that originated in Massachusetts and applied Massachusetts law); *Bucci v. Lehman Bros. Bank*, 68 A.3d 1069, 1086-87 (R.I. 2013) (reviewing foreclosure-related Massachusetts statutes and cases). Therefore, the decisions of the Supreme Judicial Court of Massachusetts should be given great weight when interpreting the requirements of paragraph 22 of the Mortgage.

Last year, the Supreme Judicial Court of Massachusetts held the mortgagee's failure to strictly comply with paragraph 22 rendered the foreclosure sale "void" even though the property

---

granting of the motion to dismiss in *Dilibero v. Mortgage Elec. Registration Sys.*, 108 A.3d 1013 (R.I. 2015). The undersigned is also prepared to argue the requirements of paragraph 22 on May 24, 2016, at a hearing on motion for summary judgment in *Henry Dobosz v. Woodlawn Federal Credit Union, et al.,* Superior Court, Docket No. PM-2015-4109.

4

had been sold to an innocent third party purchaser at the foreclosure sale. *Pinti v. Emigrant Mortgage Company, Inc.*, 472 Mass. 226, 246 (Mass. 2015). In *Pinti*, the notice of default stated that the borrowers "have the right to assert in any lawsuit for foreclosure and sale the nonexistence of a default or any other defense [they] may have to acceleration and foreclosure and sale." This language did not conform to the requirement of paragraph 22 to inform the borrowers of "the right to bring a court action to assert the non-existence of a default or any other defense of [the borrowers] to acceleration and sale" Id. at 237. The mortgagee argued that it had substantially complied with paragraph 22. However, the Supreme Judicial Court required strict compliance, not just substantial compliance, with the notice of default provisions of paragraph 22. *Pinti v. Emigrant Mortgage Company, Inc*., 472 Mass. 226, 232 (Mass. 2015). "As the paragraph [22] is written, therefore, the sending of the prescribed notice of default is essentially a prerequisite to use of the mortgage's power of sale, because the power of sale may be invoked only if the default is not cured within the time specified in the notice of default. In this regard, we agree with the plaintiffs that the 'terms of the mortgage' with which strict compliance is required — both as a matter of common law under this court's decisions and under [ALM GL ch. 183,] § 21 [the statutory form power of sale in Massachusetts] — include not only the provisions in paragraph 22 relating to the foreclosure sale itself, but also the provisions requiring and prescribing the preforeclosure notice of default." Id. at 236.

Also, Judge Allison Burroughs of the United States District Court for the District of Massachusetts ruled that the failure to strictly comply with paragraph 22 rendered the foreclosure sale void. *Paiva v. Bank of N.Y. Mellon*, 2015 U.S. Dist. LEXIS 105370 (D. Mass. Aug. 11, 2015). In the *Paiva* case, the court agreed with the borrower's contention that the mortgage servicer's "notice of default did not satisfy the requirements of paragraph 22 of the mortgage, not

because any of the required substance was missing from the notice, but because the notice should have come from [Bank of New York Mellon] as the lender, rather than from Countrywide as the servicer of the loan." *Id*. at \*5-6. Relying on the *Pinti* decision, the court held that the mortgagee failed to strictly comply with the mortgage and declared the foreclosure sale void. *Id*. at \*8. See also *United States Bank Nat'l Ass'n v. Rotondi*, 2015 Mass. App. Div. LEXIS 56 at \*5-6 (Mass. App. Div. 2015) (declaring foreclosure sale void due to "no compliance with the notice provisions of paragraph 22" because servicing agent sent notice of default before purported mortgagee held an interest in the mortgage).

In the United States Bankruptcy Court for the District of Rhode Island, Judge Diane Finkle found compliance with paragraph 22 to be a condition precedent to the mortgagee's right to accelerate the Note and pursue its remedy of foreclosure against the Property. *In re Demers*, 511 B.R. 233, 238 (Bankr. D.R.I. 2014). In the *Demers* case, the mortgagee sent a notice that stated that the borrower had "the right to argue that you did keep your promises and agreements under the Mortgage Note and Mortgage, and to present any other defenses that you may have." *Id.* at 238. The bankruptcy court held that this language failed to comply with the requirement of paragraph 22 to provide notice to the borrower of "the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale." *Id*. Due to this failure, the Court held the mortgagee had not properly invoked the power of sale, and was not entitled to reimbursement for the fees and expenses of a foreclosure sale that was canceled when the borrower filed in bankruptcy court.

Many courts outside of Massachusetts and Rhode Island have found a mortgagee's failure to strictly comply with paragraph 22 of the mortgage to render the foreclosure sale void. *See, e.g., Colon v. JP Morgan Chase Bank, N.A.*, 162 So. 3d 195 (Fla. Dist. Ct. App. 5th Dist. 2015)

6

("Paragraph 22 of the mortgage creates a condition precedent that Bank must satisfy prior to accelerating the loan and commencing the foreclosure action."); *Jackson v. Wells Fargo Bank, N.A.*, 90 So. 3d 168 (Ala. 2012) ("without proper notice of intent to accelerate, acceleration fails and, consequently, so does the foreclosure sale"); *Wells Fargo Bank, N.A. v. Beirne*, 2011-Ohio-6678 (Ohio Ct. App., Medina County Dec. 27, 2011). Moreover, compliance with paragraph 22 is a condition precedent to the foreclosure regardless of whether the foreclosure is exercised through the contractual power of sale or through filing a judicial foreclosure action. *Bank of N.Y. Mellon v. Nunez*, 180 So. 3d 160, 162 (Fla. Dist. Ct. App. 3d Dist. 2015) ("The notice requirements set forth in paragraph 22 of the defendants' mortgage are conditions precedent to the filing of a foreclosure action against the borrower.")

In the present case, none of the notices Fannie Mae sent to the Plaintiff contained the information required by paragraph 22. Fannie Mae's memorandum of law appears to rely on two notices to satisfy the requirements of paragraph 22, but neither notice, nor the combined information in the two notices, specifies[3] the information required by paragraph 22. A general declaration that the borrower is in default will not do.

First, Fannie Mae relies on a notice sent by Green Tree Servicing, LLC on behalf of Fannie Mae on February 12, 2014, which is attached to the Statement of Undisputed Facts at Exhibit D ("February 12 notice"). This notice is a form required by Rhode Island General Laws § 34-27-3.1, which has since been repealed. Fannie Mae argues that the February 12 notice informed the Plaintiff "of the default, the amount that was required for Plaintiff to cure the

---

[3] "The verb 'specify' is defined as 'name or mention expressly,' The Oxford Dictionary and Thesaurus, 1459 (American Edition, 1996) or 'state explicitly or in detail,' The American Heritage Dictionary of the English Language, 1669 (4th ed. 2000)." Hedco, Ltd. v. Blanchette, 763 A.2d 639, 642 (R.I. 2000) (finding an eviction notice insufficient that terminated tenancy "within ten (10) days of the date that this Notice was mailed to you" because it failed to specify the date of termination of tenancy as required under 24 C.F.R. § 247.4(a)(1)).

default and reinstate the mortgage, and informed Plaintiff that Fannie Mae would foreclose unless Plaintiff cured the default. (SOF, ¶ 8.)" See Fannie Mae's Memorandum in Support of Summary Judgment, Docket Entry 22 ("MSJ Memo") at 2. However, the February 12 notice provides none of that information. The notice merely says, "The mortgagee named below ("Mortgagee") hereby notifies you that you are in default on your mortgage. If you fail to remedy this default, Mortgagee has the right to foreclose on the real estate securing the mortgage loan referenced in this Notice." While the February 12 notice does state summarily that "you are in default" it does not "specify" what the default is, as required by paragraph 22. Nor does the February 12 notice state what the borrower must do to remedy the default, or specify a date, not less than 30 days after the notice was sent, to cure the default. Further, the February 12 notice fails to inform the borrower of the right to reinstate after acceleration or of the right to bring a court action to challenge the default. Clearly, the February 12 notice fails to satisfy the requirements of paragraph 22.

Second, Fannie Mae relies on a notice of acceleration sent by Harmon Law Offices, P.C. on April 22, 2014. The April 22 notice also does not satisfy the requirements of paragraph 22. The April 22 notice does not come from the mortgagee as required by the mortgage. See *Paiva v. Bank of N.Y. Mellon*, supra at \*5-6. Rather, that notice comes from Harmon Law Offices, P.C., on behalf of Green Tree Servicing, LLC, not the mortgagee Fannie Mae. Moreover, the April 22 notice does not specify what the default is, but rather states in conclusory fashion, without any explanation, "Our client informs us that you are in breach of the conditions of the loan documents." Nor does the April 22 notice inform the borrower how to cure the default or specify a date by which the default must be cured. The April 22 notice merely says that the loan "is hereby accelerated" rather than warning the borrower that the loan may be accelerated if the

default is not cured by a specified date.  Finally, the April 22 notice fails to inform the borrower of the right to reinstate after acceleration or the right to bring a court action to assert the non-existence of the default or to raise defenses to the foreclosure. Clearly, the April 22 notice did not satisfy the requirements of paragraph 22 either.

Indeed, Fannie Mae *never* sent the Plaintiff a notice that complied with paragraph 22. See Affidavit of Delinda M. Martins at ¶ 2. The Plaintiff never received a notice that specified what the default was, what she must do to cure the default, a date (not less than thirty days from the date of the notice) by which she must cure the default, that failure to cure the default may result in acceleration and foreclosure, that she has the right to reinstate after acceleration, and that she has the right to bring a court action to assert the non-existence of default or any other defense to the foreclosure. See Affidavit of Delinda M. Martins at ¶ 2.

Therefore, because Fannie Mae failed to send a notice that complied with paragraph 22, Fannie Mae failed to accelerate the sums secured by the Mortgage and failed to establish conditions precedent to a lawful foreclosure. The Plaintiff is therefore entitled to judgment as a matter of law on Fannie Mae's counterclaim for judicial foreclosure. Fannie Mae's Motion for Summary Judgment should be denied, and the Plaintiff's Cross-Motion for Summary Judgment should be granted.

Respectfully submitted,

Delinda M. Martins
By Her Attorney,

/s/ Jeffrey C. Ankrom
Jeffrey C. Ankrom, Esq. (#7663)
Rhode Island Legal Services
56 Pine Street, Suite 400
Providence, RI, 02903
(401) 274-2652, ext. 138
(401) 453-0310 fax
jankrom@rils.org

Dated: May 16, 2016

## CERTIFICATION OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent to all counsel of record on the 16th day of May, 2016.

/s/ Jeffrey C. Ankrom
Jeffrey C. Ankrom, Esq.