UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

DELINDA M. MARTINS,
    Plaintiff,
v.

FEDERAL HOUSING FINANCE
AGENCY, FEDERAL NATIONAL
MORTGAGE ASSOCIATION, AND
GREEN TREE SERVICING, LLC.,
    Defendants.

C.A. No. 15-235-M-LDA

## MEMORANDUM AND ORDER

JOHN J. McCONNELL, JR., United States District Judge.

This complaint arises out of Delinda M. Martins' assertion that Defendants, Federal Housing Finance Agency ("FHFA"), Federal National Mortgage Association ("Fannie Mae"), and Green Tree Servicing, LLC ("Green Tree")[1] (collectively "Defendants") violated a number of her rights by foreclosing upon her home, including her constitutional due process rights by failing to provide her adequate notice of their non-judicial foreclosure, and her contractual right to proper notice pursuant to her mortgage.

This Court is now faced with Defendants' Motion to Dismiss Ms. Martins' complaint claiming it is moot because Fannie Mae rescinded the complained of non-judicial foreclosure, and Cross-Motions for Summary Judgment on Fannie Mae's counterclaim for judicial foreclosure. Defendants' argument in this case is twofold.

---

[1] Upon an assented-to motion, the Court entered final judgment for Defendant Green Tree. (ECF No. 55).

First, they argue that Ms. Martins' claims are moot and the Court should dismiss them because it rescinded the non-judicial foreclosure. Second, they argue that the Court should grant summary judgment on their counterclaim seeking a judicial foreclosure under Rhode Island General Laws § 34-27-1, because that section does not require compliance with the mortgage document.

Ms. Martins argues that her claims are not moot because the Defendants voluntary ceased the unlawful conduct and there is a reasonable expectation that the alleged unlawful conduct will recur unless the Court grants relief. Furthermore, Ms. Martins asserts that the Court should dismiss the counterclaim for judicial foreclosure because compliance with Paragraph 22 of the Mortgage is required as a condition precedent even when seeking a judicial foreclosure, and Defendants' notice failed to (1) specify a date not less than thirty days by which default must be cured, (2) advise Ms. Martins of her right to reinstate the mortgage after acceleration, and (3) inform Ms. Martins of her right to bring a court action to assert the non-existence of default or any other defense to acceleration and foreclosure.

## I. Facts

In 2007, Ms. Martins borrowed money from Shamrock Financial Corporation ("Shamrock") to finance the purchase of her home in Smithfield, Rhode Island (the "Property"). The Note was secured by a mortgage (the "Mortgage") in favor of Shamrock and Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Shamrock and its successors and assigns. MERS later assigned its

interest to Fannie Mae,[2] which then assigned its interest to Bank of America, N.A. ("BOA"). In 2013, BOA transferred its interest in the Mortgage to Green Tree.

Beginning in 2009, at the time of this country's devastating economic downturn and housing crisis, Ms. Martins failed to make her required payments. Under Paragraph 22 of her Mortgage, the lender has the right to accelerate the amount of the Mortgage; however, in doing so, the Mortgage requires notice of six required pieces of information prior to its acceleration. A notice must specify (1) that the mortgagor is in default; (2) the action required to cure default; (3) a date, not less than thirty days by which default must be cured; (4) that failure to cure default may result in acceleration and sale of the Property; (5) the right to reinstate after acceleration; and (6) the right to bring a court action claiming the non-existence of default or any other defense.

Green Tree sent Ms. Martins a notice of default on February 11, 2014,[3] stating its intent to accelerate the Mortgage. The February 11, 2014 letter provided that (1) Ms. Martins was in default, (2) default could be corrected in thirty days from the date of the notice by paying $93,240.41, and (4) failure to cure default could result in acceleration and sale of the Property. It further provided that Ms. Martins should check the Mortgage Agreement for any right to reinstate after

---

[2] FHFA is a party to the instant case by virtue of its status as conservator over Fannie Mae. The Court will simply refer to both Defendants as Fannie Mae in this Memorandum and Order.

[3] Ms. Martins received a second notice dated February 12, 2014, which again informed her of her default status and that failure to cure default could result in foreclosure on the Property securing the Mortgage. This notice also informed Ms. Martins of the availability of mortgage counseling services.

acceleration,[4] and Ms. Martins' right to "assert in the foreclosure proceeding the non-existence of a default or any other defense available to [Ms. Martins]."

Green Tree sent Ms. Martins' default mortgage account to Harmon Law Offices, P.C. ("Harmon"), which sent a notice to Ms. Martins dated April 22, 2014. The notice stated that Harmon had been retained by Green Tree to foreclose on the Property, Ms. Martins was "in breach of the conditions of the loan documents," the Mortgage was "hereby accelerated," Ms. Martins may still have the right to reinstate the loan, and the total due.

Harmon then sent a notice of foreclosure sale to Ms. Martins, evidencing Green Tree's intent to initiate a non-judicial foreclosure via Rhode Island's power-of-sale statute. R.I. GEN. LAWS § 34-11-22 (1956). Fannie Mae conducted a foreclosure sale of the Property, in which it entered the only bid of $280,096.02. Fannie Mae signed a document, which it recorded in the land records for the Town of Smithfield.

## II.   Procedure

Ms. Martins filed suit seeking declaratory and injunctive relief and damages. She alleged that as a governmental entity Defendant Fannie Mae was required to afford Ms. Martins her federal constitutional due process rights before conducting a non-judicial foreclosure. Ms. Martins also alleged that all of the Defendants failed

---

[4] The notice read: "Please review your mortgage or deed of trust for any right you may have to reinstate your account after acceleration but prior to the earlier of (a) five days before the sale of the property under any power of sale in the Security Instrument or (b) entry of judgment enforcing the Security Instrument, by paying the Creditor all sums then due as if not acceleration has occurred."

4

to give her proper notice pursuant to Paragraph 22 of the Mortgage before the foreclosure. Finally, she asserted that a mediation conference and certificate of compliance were required pre-foreclosure. R.I. GEN. LAWS § 34-27-3.2.

Fannie Mae filed an assented-to-Motion to Set Aside the Non-Judicial Foreclosure (ECF No. 10), which the Court granted. Fannie Mae then filed a counterclaim against Ms. Martins (ECF No. 14), seeking a judicial foreclosure under Rhode Island's Complaint to Foreclose statute. R.I. GEN. LAWS § 34-27-1. Given its rescission of the non-judicial foreclosure, Fannie Mae filed its Motion to Dismiss Ms. Martins' complaint alleging the matter was now moot. (ECF No. 26).

On the same day it filed its Motion to Dismiss, Fannie Mae also filed a Motion for Summary Judgment on its counterclaim for judicial foreclosure against Ms. Martins. (ECF No. 21). Ms. Martins then filed a Cross-Motion for Summary Judgment as to Fannie Mae's counterclaim for judicial foreclosure. (ECF No. 36).

### III. Legal Analysis

#### A. Defendants' Motion to Dismiss Ms. Martins' Claims

On a motion to dismiss for lack of subject matter jurisdiction, this Court "must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of the plaintiff." *Aversa v. United States*, 99 F.3d 1200, 1210 (1st Cir. 1996). However, a "party advocating jurisdiction must make clear the grounds on which the court may exercise jurisdiction: it is black-letter law that jurisdiction must be apparent from the face of the plaintiff['s] pleading." *Johansen v. United States*, 506 F.3d 65, 68 (1st Cir.

2007) (internal citations omitted). Ms. Martins, "as the part[y] now asserting federal jurisdiction, must carry the burden of establishing [her] standing." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006).

"[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Town of Portsmouth, R.I. v. Lewis*, 813 F.3d 54, 58 (1st Cir. 2016) (internal citations omitted) (alterations in original). In other words, mootness arises when "it can be said with assurance that there is no reasonable expectation that the alleged violation will recur, and [] interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Los Angeles County. v. Davis*, 440 U.S. 625, 631 (1979). When a case becomes moot, dismissal becomes mandatory. *Cruz v. Farquharson*, 252 F.3d 530, 533 (1st Cir. 2001).

While mootness is fatal to any claim, the doctrine is not without its exceptions. The applicable exception in the instant case is that of voluntary cessation. As its name implies, the voluntary cessation exception states that a case, which would otherwise be moot, may still proceed if the defendant's voluntary cessation of the challenged conduct made the case moot. *Amer. Civil Liberties Union of Mass. v. U.S. Conference of Catholic Bishops*, 705 F.3d 44, 54 (1st Cir. 2013). Normally, the party "claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000). However, "in a

lawsuit brought to force compliance, it is the plaintiff's burden to establish standing by demonstrating that, if unchecked by litigation, the defendant's allegedly wrongful behavior will likely occur or continue, and that the threatened injury [is] certainly impending." *Id.* (alteration in original) (internal citation omitted).

Fannie Mae has rescinded its non-judicial foreclosure, and it has filed a counterclaim for judicial foreclosure on which it has moved for summary judgment. Various United States District Courts have held that rescinding a non-judicial foreclosure and initiating a judicial foreclosure renders a plaintiff's allegations of non-compliance with statutory requirements moot. *E.g., Staton v. BAC Home Loans Servicing, LP*, No. 6:10-cv-01306-PA, 2014 WL 1803376, at *2 (D. Or. May 6, 2014), *appeal filed; Paik-Apau v. Deutsche Bank Nat'l Trust Co.*, No. 10-00699 SOM/RLP, 2012 WL 300417, at *7 (D. Haw. Jan. 31, 2012); *Cf. Nash v. GMAC Mortg., LLC*, No. CA 10-493S, 2011 WL 2470645, at *13 (D.R.I. May 18, 2011) (holding that a cancelled auction foreclosure sale, without a rescheduled date, was enough to render plaintiff's request for an injunction as moot); *Smith v. World Savings and Loan Ass'n*, No. 2:10-CV-02855 JAM-JFM, 2011 WL 338495, at *4 (E.D. Cal. Jan. 31 2011) (holding that plaintiff's two foreclosure related claims were moot because the notice of default was rescinded and foreclosure incomplete).

This Court sees no reason why it should not follow suit. Not only has Ms. Martins not established that the harm she seeks to prevent is "certainly impending," *see Laidlaw*, 528 U.S. at 190, but Ms. Martins' situation is also sufficiently analogous, if not identical to the situation of so many before her. *See*

*Staton*, 2014 WL 1803376, at *2 ("When a non-judicial foreclosure sale is rescinded, 'any claims premised on the non-judicial foreclosure are rendered moot.'"). Ms. Martins' speculation that she will be harmed is not enough; she must show that "[s]he has been or will in fact be perceptibly harmed by the challenged agency action, not that [s]he can imagine circumstances in which [s]he could be affected by the agency's action." *Preiser v. Newkirk*, 422 U.S. 395, 403 (1975).

Ms. Martins has raised very serious questions about the constitutionality of Fannie Mae's procedures in non-judicial foreclosures. There are many others in our state who have found, or will find themselves in a similar position. While some may argue that this is reason enough for the Court to decide the issue now, the Court sees it otherwise. This issue is significant enough that the Court should decide this issue in the context of a real, current, and actual case and controversy. Ms. Martins has won her battle by having the non-judicial foreclosure vacated. The battle concerning the constitutionality of Fannie Mae's non-judicial foreclosures should be fought by someone whose alleged constitutionally defective foreclosure has not been rescinded. To put it in the vernacular, someone with skin in the game should litigate the issue.

Therefore, this Court GRANTS the Defendants' Motion to Dismiss Ms. Martins' claims as moot. (ECF No. 26).

B.  Cross-Motions for Summary Judgment of Counterclaim

Next, the Court turns to Defendants' counterclaim against Ms. Martins, seeking a judicial foreclosure under Rhode Island state law. The parties have filed cross-motions for summary judgment on the counterclaim.

This Court may grant summary judgment only if it determines that the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *AGA Fishing Group Ltd. v. Brown & Brown, Inc.*, 533 F.3d 20, 23 (1st Cir. 2008).

Defendants now seek to foreclose on the Property through an order from this Court, instead of non-judicially. The change of process for the foreclosure, however, does not alleviate compliance with the agreement they made in the Mortgage, including the Paragraph 22 notice requirements. Despite the fact that the judicial foreclosure statute, R.I. GEN. LAWS § 34-11-22, does not expressly require compliance with the Mortgage document, the Rhode Island Supreme Court has stated that "the right to exercise the power of sale in a mortgage is derived from contract, not statute," and that the power of sale "does not exist independently" from the mortgage agreement. *Bucci v. Lehman Bros. Bank, FSB*, 68 A.3d 1069, 1084, 1085 (R.I. 2013). Simply put, if a mortgagee agrees to give a certain notice before a foreclosure, it does not matter whether it is a judicial or non-judicial foreclosure. The mortgagee must do that which it agreed. Thus, this Court must review compliance with Paragraph 22 of the Mortgage as a matter of contract law, irrespective of whether Defendants are seeking judicial or non-judicial foreclosure.

In Rhode Island, if a contract contains a notice requirement, then a court construes that notice requirement as a condition precedent, which requires strict compliance. *Cinq-Mars v. Travelers Ins. Co.*, 218 A.2d 467, 471 (R.I. 1966) (requirement of written notice for a claim by the insured is a "condition precedent to the insurer's liability."); *Ins. Co. of N. Am. v. Kayser-Roth Corp.*, No. C.A. PC 92-5248, 1999 WL 81366, at *22 (R.I. Super. July 29, 1999) (stating that notice requirements are a condition precedent in insurance contracts); *Dyer v. Ryder Student Transp. Servs., Inc.*, No. 98-4489, 1999 WL 395417, at *2 (R.I. Super. June 7, 1999) ("If notice by a tenant is not given to a landlord in accordance with the terms of the lease, the right to renew has been lost or has lapsed . . . .").

Furthermore, Paragraph 22 of the Mortgage is a condition precedent, which requires strict compliance, when a mortgagee seeks acceleration and foreclosure. *In re Demers*, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014) (holding that a notice omitting a borrower's right to go to court to contest acceleration was fatal, and that even if notice to go to court was ambiguously provided, that ambiguity must be construed against the drafter).

In real estate contracts, when required notice fails to specify particular dates, inform the borrower of his or her right to reinstate a loan after acceleration, or inform the borrower of the ability to bring a court action to contest acceleration or foreclosure, that notice is insufficient. *In re Demers*, 511 B.R. at 239; *Hedco, Ltd. v. Blanchette*, 763 A.2d 639, 642, 643 (R.I. 2000) (failing to specify the termination date in a lease by providing the exact date by which tenant could pay was fatal to

required notice); *see also* 55 Am. Jur. 2d Mortgages § 539 ("Because . . . power to sell . . . by foreclosure sale is derived from the deed of trust and statute, strict compliance with the notice requirements is considered a prerequisite . . . and noncompliance with these requirements can render a foreclosure sale void.").

Like the notice in *Blanchette* that was deficient because it failed to state the exact date by which the tenant was required to pay, neither the February 11, 2014 notice from Green Tree, nor the April 22, 2014 notice from Harmon stated with specificity the last day by which Ms. Martins was required to pay in order to avoid foreclosure and sale of the Property. *See* 763 A.2d at 643. Even though the April 22 notice stated that Ms. Martins had the ability to reinstate the loan, this was not done until *after* acceleration had begun, as the April 22 notice stated, "[y]ou are further notified that the note is hereby accelerated." This fails to meet the parameters of Paragraph 22, which requires that the "Lender shall give notice to Borrower *prior* to acceleration . . . the right to reinstate after acceleration . . . ."

Lastly, the notice does not explicitly inform Ms. Martin that she has "a right to bring court action to assert the non-existence of default or any other defense . . . ." Rather, the February 11 notice simply stated, "[y]ou may also have the right to assert in the foreclosing proceeding the non-existence of a default or any other defense available to you." The language in Green Tree's February 11 notice is insufficient just like the *In re Demers* notice, which failed to adequately inform the borrower of her right to go to court by simply stating that she had "the right to argue that you did keep your promises and agreements under the Mortgage Note

and Mortgage, and to present any other defenses that you may have." *See* 511 B.R. at 238.

In analyzing the sufficiency of notice, this Court will not concern itself with "whether the [borrower] has been misled by the notice given." *Blanchette*, 763 A.2d at 642 (quoting *Tate v. Peter Charles Reynolds, Inc.*, 622 A.2d 449, 450 (R.I. 1993)). While *Blanchette* revolved around whether a notice adhered to the statutory requirements, the focus here is likewise, in viewing the Mortgage in tandem with § 34-11-22, "whether [or not] the [mortgage agreement] has been complied with." *See id.* Thus, we need not even go as far as to conjunctively view all the notices Ms. Martins received in an attempt to piecemeal the notice requirements of Paragraph 22 together. However, even if this Court was so inclined to do so, the last element is clearly missing; the notice does not inform Ms. Martins to whom she may assert these arguments, or where she must do so in order to argue against foreclosure.

There is no genuine issue as to any material fact concerning whether Fannie Mae complied with the Mortgage Agreement. It did not. At the least, the notices failed, on their face, to specify an exact date by which Ms. Martins could cure default, that she could reinstate the loan after acceleration, and that she has a right to bring court action. With respect to these elements of the notice, there is no plausible way that a jury could find for Defendants, and the notice is indeed material, as it determines whether Defendants have complied with the Mortgage

12

Agreement. *See Travers v. Flight Servs. & Sys., Inc.*, 737 F.3d 144, 146 (1st Cir. 2013); *Maymi v. P.R. Ports Auth.*, 515 F.3d 20, 25 (1st Cir. 2008).

## IV. Conclusion

The Court GRANTS Defendants' Motion to Dismiss (ECF No. 26) and dismisses Ms. Martins' claims as moot. Moreover, the Court DENIES Defendants' Motion for Summary Judgment (ECF No. 21) and GRANTS Ms. Martins' Motion for Summary Judgment. (ECF No. 36). Defendants are not entitled to judicial foreclosure because they have not adhered to the notice requirements of Paragraph 22 of the Mortgage. Judgment shall enter for Defendants on Ms. Martins' claims and judgment shall enter for Ms. Martins on Defendants' counterclaim for judicial foreclosure.

IT IS SO ORDERED.

/s/ John J. McConnell, Jr.
_____
John J. McConnell, Jr.
United States District Judge

October 11, 2016